

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 8, 2015

<u>BY HAND DELIVERY</u>
The Honorable Deborah A. Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *United States* v. *Anthony Cuti*, 08 Cr. 972 (DAB)

Dear Judge Batts:

Pursuant to the Court's order dated March 10, 2015, the Government respectfully submits this letter regarding the issue of restitution to Duane Reade and Oak Hill Capital Partners ("Oak Hill") after the Second Circuit's partial affirmance and partial remand of this Court's restitution order.  For the reasons set forth below, the Government respectfully submits that certain categories of legal fees and expenses incurred by Duane Reade (or Oak Hill on Duane Reade's behalf) have been expressly upheld by the Second Circuit Court of Appeals as properly included in a restitution award.

### Duane Reade's Internal Investigations

As described in the Second Circuit's opinion, in 2005, Oak Hill (which had by then acquired Duane Reade) fired then-CEO of Duane Reade Anthony Cuti without cause.  In late August 2006, Duane Reade's general counsel received information about suspicious transactions made by Cuti related to credit and rebilling transactions.  Duane Reade's general counsel notified Oak Hill's counsel, Paul, Weiss, Rifkind, Wharton & Garrison, LLP ("Paul Weiss"), and Duane Reade's Audit Committee retained Cooley Godward Kronish LLP ("Cooley") and a forensic accounting firm, AlixPartners LLP ("AlixPartners"), to conduct an internal investigation.  At about the same time, on September 1, 2006, Cuti filed an arbitration demand on Paul Weiss, which was retained to represent Oak Hill and Duane Reade in the arbitration.  Accordingly, from late August 2006, Duane Reade had two law firms working on Cuti-related issues:  Paul Weiss, which was primarily handling the arbitration against Cuti; and Cooley, which was handling the internal investigation of Cuti's offenses.

At times the line between the roles of Paul Weiss and Cooley blurred and overlapped.  In February 2007, Paul Weiss uncovered evidence of additional wrongdoing by Cuti related to a real estate income transaction.  Paul Weiss initially conducted the investigation and then reported its findings to Cooley, which was again retained by Duane Reade's Audit Committee to investigate.  In May 2007, Paul Weiss and Cooley met with the Government to discuss their internal investigations of the credit and

rebilling transactions and the real estate transaction.  The Government then commenced its own investigation, which resulted in the indictment and eventual conviction of Anthony Cuti, the defendant.

**Procedural History and the Second Circuit's Amended Order**

On October 14, 2011, this Court issued an order granting partial restitution for three categories of fees and expenses incurred by Duane Reade for a total of $2,927,420.76 – (1) $1,855,106.87 for fees and expenses of the independent counsel and forensic accountants (Cooley and AlixPartners); (2) $493,000 for fees and expenses of Duane Reade's accountants and auditors (KPMG & PricewaterhouseCoopers ("PwC"))[1]; and (3) $579,313.89 for costs of the Kroll Ontrack database.

On May 13, 2013, this Court issued a final order of restitution for $7,615,217.90, which included $2,927,420.76 from the October 12, 2011 partial order and an additional $4,687,797.14 comprised of: (1) $3,102,672.14 for legal fees and expenses paid to Paul Weiss; and (2) $1,585,125 for legal fees and expenses paid by Duane Reade for its employees' attorneys.

The defendant appealed the final order of restitution on three grounds:  The defendant claimed that the timing of this Court's decision to reverse its initial order not to impose restitution created an appearance of a vindictive sentencing increase; the defendant claimed that the District's Court initial decision not to permit restitution for attorneys' fees was correct because of the complexity of determining costs and the availability of arbitration as a forum where these issues can be resolved; and the defendant claimed that the District Court's calculation of restitution was incorrect.  With respect to the last issue regarding the accuracy of the restitution award, the defendant specifically argued that the District Court improperly included in the restitution award (1) legal fees and expenses paid for counsel to Duane Reade's employees; (2) Oak Hill's payment of fees and expenses on Duane Reade's behalf; and (3) fees and expenses incurred prior to the commencement of the Government's investigation in May 2007.

On February 6, 2015, the Second Circuit Court of Appeals issued an amended opinion affirming in part and vacating in part this Court's May 13, 2013 final order of restitution.  The Second Circuit rejected the defendant's claim regarding vindictiveness.  The Second Circuit also held that it was within this Court's sound discretion to order restitution for costs of counsel to Duane Reade's employees and for costs that were necessary for the investigation and prosecution of the defendant's crimes.   The Second Circuit clarified that "necessary" expenses do not include payments by Oak Hill to Paul Weiss reflecting work performed solely on behalf of Oak Hill; payments to Paul Weiss that were not necessary to the criminal investigation (but rather were incurred for the arbitration or SEC case); and payments to Paul Weiss and/or Cooley that were redundant or duplicative of expenses incurred for work performed by the other firm.  The Second Circuit remanded the case to allow this Court in the first instance to determine whether the payment of fees and costs to Paul Weiss and Cooley constitute "necessary" expenses that are properly included in a restitution award.

On May 1, 2015, Paul Weiss submitted a declaration and supporting documentation explaining its methodology for calculating the appropriate restitution amount in light of the Second Circuit's

---

[1] KPMG and PwC were retained by Duane Reade to assist in the investigations and issue a restatement of Duane Reade's financial statements.

clarification of the necessity requirement.  As detailed in the submission, Paul Weiss concluded that $2,999,728.51 of this Court's restitution award was undisturbed on appeal and therefore final, including: $342,289.62 paid to AlixPartners; $1,585,125 paid for Duane Reade's employees' legal fees; $493,000 paid to KPMG and PwC; and $579,313,89 for the Kroll Ontrack database.  Paul Weiss then re-reviewed the remaining fees included in this Court's prior restitution award and withdrew $933,421.79 from its claim.  Accordingly, Paul Weiss seeks total restitution of $6,681,796.11.

## Discussion

The Government agrees with Paul Weiss that the Second Circuit upheld restitution for certain categories of costs, although the Government disagrees on which categories of costs are included.  Specifically, the Second Circuit expressly upheld the $1,585,125 restitution award for the costs of counsel to Duane Reade's employees.  Additionally, the Second Circuit held that this Court may order restitution under the Victim Witness Protection Act ("VWPA") to Duane Reade for "expenses the victim was required to incur to advance the investigation or prosecution of the offense," including "internal investigations undertaken in the face of evidence—or grounded suspicion—of internal misconduct which ultimately unmask fraud."  *United States* v. *Cuti*, 778 F.3d 83, 94 (2d Cir. 2015) (quoting *United States* v. *Maynard*, 743 F.3d 374, 381 (2d Cir. 2014)).  The Second Circuit vacated and remanded the restitution order to the extent it included legal expenses incurred in connection with the civil arbitration (which, while connected to the offense of conviction, were not undertaken or pursued in aid of the prosecution); to the extent it included payments to Oak Hill for work performed solely for Oak Hill's benefit; and to the extent it included payments to Paul Weiss and/or Cooley that were redundant or duplicative of expenses incurred for work performed by the other firm.  *Cuti*, 778 F.3d at 92, 94-95.  The Second Circuit noted expressly, however, that "at a minimum" Paul Weiss's expenses from meeting with the Government, turning over its findings, and cooperating with the Government's investigation are recoverable as necessary expenses, while leaving open the question of whether any other attorneys' fees satisfied the necessity requirement.  *Cuti*, 778 F.3d at 96.

It its May 1, 2015 submission, Paul Weiss re-reviewed the billing records and removed any billing entries that were either arguably unnecessary (either because they were expenses incurred solely for Oak Hill's benefit or because they were incurred for the arbitration or SEC case).  Paul Weiss also re-reviewed the remaining Paul Weiss fees and expenses, and the remaining Cooley fees and expenses, to remove any redundancies or duplication of work.  The total left after removing unnecessary costs and redundancies—$3,682,067.60—thus reflects costs that are properly included in the restitution award – namely, "expenses the victim was required to incur to advance the investigation or prosecution of the offense."

Contrary to Paul Weiss's assertion, however, the Government submits that three categories of costs remain for which this Court must make a factual determination as to whether they are properly included in a restitution award – the $342,289.62 paid to AlixPartners; the $493,000 paid to KPMG and PwC; and the $579,313.89 for the Kroll Ontrack database.  Although Paul Weiss asserts that these were not appealed or upheld on appeal, this assertion is not supported by the record.  On appeal, the defendant specifically challenged any award of restitution for costs incurred prior to the Government's commencement of the investigation (and, at the very least, the bulk of the payments to AlixPartners and for the Kroll Ontrack database predated the Government's investigation).  Although the Second Circuit rejected any temporal limitation on restitution, the Court held that restitution could only include

"expenses the victim was required to incur to advance the investigation or prosecution of the offense[,]" and the Court further explained:

> If the purpose of an internal investigation is to uncover or investigate fraud "when faced with evidence, indicia, or a grounded suspicion of internal misconduct," then such expenses are properly deemed expenses that a "victim was required to incur to advance the investigation or prosecution of the offense," and thus subject to restitution.  On the other hand, where the record shows that a particular investigation was commenced, and its corresponding expenses incurred for another reason (here the defense of an impending arbitration by a disgruntled form executive) then that particular investigation cannot be "a means calculated to achieve the protection" of a corporation's "ongoing operations and reputation" for the restitution purposes described in *Maynard*.

*Cuti*, 778 F.3d at 94-95 (quoting *Maynard*) (internal citations omitted).

It remains unresolved whether payments to AlixPartners, Duane Reade's auditors (KPMG and PwC), and for the Kroll Ontrack database were "necessary."  Although AlixPartners was hired to assist Cooley in its internal investigation (and therefore presumably to uncover and investigate fraud), Paul Weiss has not yet re-reviewed the records to confirm that all AlixPartners work was for the fraud investigation, and that AlixPartners' work did not include any redundancies or duplications with other expenses.  The record is even less clear as to the necessity of payments to Duane Reade's auditors (KPMG and PwC) and payments for the Kroll Ontrack database.  Accordingly, further information is needed for these three categories of expenses before they are properly included in a restitution award.

\* \* \*

In sum, the Government submits that restitution should be ordered for the following costs incurred by Duane Reade (or by Oak Hill on Duane Reade's behalf):

- $1,585,125 for Duane Reade's employees' legal fees; and
- $3,682,067.60 for "necessary" work performed by Paul Weiss and Cooley.

Additionally, the $342,289.62 for payments to AlixPartners LLP; the $493,000 paid to KPMG and PwC; and the $579,313.89 for the Kroll Ontrack database may be properly included in restitution upon the provision of additional evidence establishing the necessity of these expenses.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     _____/s_____
        Parvin Moyne
        Assistant United States Attorney
        (212) 637-2510

cc:    Brian Brook, Esq., Counsel for Anthony Cuti (by email)
       Daniel Beller, Esq., Counsel for Duane Reade/Oak Hill (via email)